# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: PETITION OF BENJAMIN WITTES ET AL. | Misc. No. 18-00125 (BAH) |

## PETITIONERS' MOTION FOR MODIFICATION OF OCTOBER 17 ORDER

Petitioners Benjamin Wittes, Jack Goldsmith, and Stephen Bates hereby move this Court to modify its October 17, 2018 Order staying adjudication as to the nonpublic portions of the Road Map pending the D.C. Circuit's resolution of *McKeever v. Sessions*, No. 17-5149 (D.C. Cir. filed June 26, 2017). For the reasons explained in the attached Memorandum and as set out in the attached proposed order, Petitioners request that the Court modify the stay to remain in place until Petitioners have accessed the redacted Road Map and determined whether it materially satisfies their interests in filing the Petition, *or* until the D.C. Circuit resolves the appeal in *McKeever v. Sessions*, No. 17-5149 (D.C. Cir. filed June 26, 2017)—whichever is earlier. Counsel for the Petitioners conferred with the Department of Justice about the relief requested herein, and the Department of Justice stated its opposition to the motion.

                                          Respectfully submitted,

Dated: October 19, 2018                */s/ Laurence M. Schwartztol*
                                          LAURENCE M. SCHWARTZTOL
                                          (D.D.C. No. MA0007)
                                          Larry.Schwartztol@protectdemocracy.org
                                          DEANA EL-MALLAWANY (*pro hac vice*)
                                          deana.el-mallawany@protectdemocracy.org
                                          **The Protect Democracy Project, Inc.**
                                          10 Ware Street
                                          Cambridge, MA 02138

Telephone: (202) 599-0466
Fax: (929) 777-8428

STEPHANIE LLANES (*pro hac vice*)
stephanie.llanes@protectdemocracy.org
**The Protect Democracy Project, Inc.**
222 Broadway, 19th Floor
New York NY 10038
Telephone: (202) 599-0466
Fax: (929) 777-8428

CAMERON KISTLER (D.C. Bar No. 1008922)
cameron.kistler@protectdemocracy.org
JUSTIN FLORENCE (D.C. Bar No. 988953)
justin.florence@protectdemocracy.org
**The Protect Democracy Project, Inc.**
2020 Pennsylvania Avenue NW, #163
Washington, D.C. 20006
Telephone: (202) 599-0466
Fax: (929) 777-8428

*Attorneys for Petitioners*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE: PETITION OF BENJAMIN WITTES ET AL.

Misc. No. 18-00125 (BAH)

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION FOR MODIFICATION OF OCTOBER 17 ORDER

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ------------------------------------------------------------------------------- **III**

**INTRODUCTION** ---------------------------------------------------------------------------------------- **1**

**BACKGROUND** ----------------------------------------------------------------------------------------- **2**

**ARGUMENT**--------------------------------------------------------------------------------------------- **4**

**I.   THE GOVERNMENT'S HOPE OF A FAVORABLE APPELLATE DECISION DOES NOT JUSTIFY A STAY PENDING *MCKEEVER*.** ------------------------------------- **4**

**II.   THE PETITION'S TIME SENSITIVITY FAVORS A STAY LIMITED TO PETITIONERS' DETERMINATION OF THEIR REMAINING INTERESTS.** ------------- **6**

**CONCLUSION** ------------------------------------------------------------------------------------------ **8**

## **TABLE OF AUTHORITIES**

### CASES

*Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61 (D.D.C. 2010) .......................................... 4

*Carlson v. United States,* 837 F.3d 753 (7th Cir. 2016) ................................................................ 5

*Ctr. for Food Safety v. Salazar*, 900 F. Supp. 2d 1 (D.D.C. 2012)................................................. 3

*Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856
  (D.C. Cir. 1981)........................................................................................................................ 6

*Haldeman v. Sirica*, 501 F.2d 714 (D.C. Cir. 1974) ....................................................................... 5

*In re Application to Unseal Dockets Related to Independent Counsel's 1998 Investigation of
  President Clinton*, 308 F. Supp. 3d 314 (D.D.C. 2018) ......................................................... 5, 7

*In re Petition of Bruce Craig for Order Directing Release of Grand Jury Minutes*, 131 F.3d 99
  (2d Cir. 1997) ............................................................................................................................ 5

*In re Petition of Stanley Kutler*, 800 F. Supp. 2d 42 (D.D.C. 2011) .............................................. 5

*In re Petition to Inspect and Copy Grand Jury Materials - Appeal of Hon. Alcee L. Hastings*,
  735 F.2d 1261 (11th Cir. 1984).................................................................................................. 5

*In re Report & Recommendation of June 5, 1972 Grand Jury Concerning Transmission of
  Evidence to House of Representatives*, 370 F. Supp. 1219 (D.D.C. 1974) ............................... 5

*In re Sealed Case*, 801 F.2d 1379 (D.C. Cir. 1986) ...................................................................... 6

*In re: Petition for Order Directing Release of Transcripts of Testimony Before Watergate
  Grand Juries*, No. 11-mc-44 (D.D.C. filed Jan. 18, 2011) ....................................................... 2

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................................. 3, 4

*McKeever v. Sessions*, No. 17-5149 (D.C. Cir. filed June 26, 2017) ........................................... 1

*United States v. Baggot*, 463 U.S. 476 (1983) .............................................................................. 6

### OTHER AUTHORITIES

Kyle Daly, *D.C. Circuit's Pace on Net Neutrality Case is Norm*, BLOOMBERG BNA (May 16,
  2016).......................................................................................................................................... 7

**INTRODUCTION**

On October 17, 2018, the Court entered a minute order staying adjudication of this Petition as to the still-secret portions of the Watergate grand jury's 1974 report and recommendation to the House of Representatives (the "Road Map"), until the D.C. Circuit has resolved the Government's appeal in *McKeever v. Sessions*, No. 17-5149 (D.C. Cir. filed June 26, 2017). The Government's request for a stay was based on its assertions that it has "strong arguments favoring its view of Rule 6(e)" in *McKeever* and that Petitioners will not be prejudiced by the delay. Resp. to Pet. 3, ECF No. 9. But the Government's arguments in *McKeever* only rehash arguments it has raised and lost in all the federal courts of appeals and district courts in the D.C. Circuit that have squarely addressed the issue of whether courts have inherent authority to disclose grand jury documents in special circumstances outside the enumerated exceptions of Rule 6(e). In this case, the Government has neither contended with this prevailing case law, nor rebutted Petitioners' showing of special circumstances justifying the Court's exercise of its inherent disclosure authority to unseal the entire Road Map.

The Government's disavowal of the prejudice to Petitioners resulting from delay is premised on the assumption that the Government's release of the redacted Road Map will satisfy Petitioners' purpose in seeking the Road Map. But that is a critical assumption. It is possible that the parties' disputes over the redactions may become very narrow or may even be resolved. If that is the case, further adjudication may not be necessary. But it is also possible that the redactions will materially undercut Petitioners' purpose in seeking access to the Road Map. If that is the case, indefinitely delaying adjudication as to the full Road Map until the D.C. Circuit decides *McKeever* would unfairly deprive Petitioners, and the public, of the opportunity to assess the significance of such precedent in real time as the Mueller investigation enters its next phase.

Petitioners submit that the balance of equities weighs in favor of any stay being pinned to a determination of whether the redacted Road Map satisfies the purposes of the Petition, rather than resolution of the Government's appeal in *McKeever*. Petitioners respectfully request that the Court modify its order accordingly.

## BACKGROUND

On September 14, 2018, Benjamin Wittes, Jack Goldsmith, and Stephen Bates filed a petition to unseal the Road Map. As explained in their petition and accompanying filings, Petitioners seek access to the Road Map because of its extraordinary significance in a matter of urgent public concern: the legal and institutional considerations surrounding Special Counsel Mueller's report of his investigation. Mem. of P. & A. in Supp. of Pet. 8-10, 18-20, ECF No. 1-1; Decl. of Jack L. Goldsmith ¶¶ 25-30, ECF No. 1-5; Decl. of Benjamin Wittes ¶¶ 19-23, ECF No. 1-7; Decl. of Stephen Bates ¶¶ 24-27, ECF No. 1-2.

This action was originally assigned to Judge Lamberth, before whom an earlier petition to unseal the Road Map filed by Geoffrey Shepard, *In re: Petition for Order Directing Release of Transcripts of Testimony Before Watergate Grand Juries*, No. 11-mc-44 (D.D.C. filed Jan. 18, 2011) (hereinafter referred to as "*Shepard*"), was pending. On September 20, 2018, both cases were reassigned to Chief Judge Howell.

On October 11, 2018, the Court entered an order in *Shepard* that required the National Archives and Records Administration ("NARA") to promptly begin the process of reviewing and releasing the Watergate Road Map comprising 53 statements, as well as the two-page summary report and 81 out of 97 accompanying documents, that NARA has identified as included in the House Judiciary Committee Report or otherwise publicly available. ECF No. 26. The October 11 order did not set a date for NARA's release of the Road Map with redaction of any nonpublic

information.  The October 11 order further required the Department of Justice, by October 22, 2018, to review the 16 remaining documents in the Road Map that NARA has not been able to locate publicly, and to contact any individuals whose privacy might be implicated by those documents' release to ascertain their views on the release.

On October 12, 2018, the Government filed a response to the petition filed by Wittes, Goldsmith, and Bates.  Resp. to Pet.  The Government argued that the petition was largely moot because of the October 11 *Shepard* order requiring the eventual release of the redacted Road Map and that adjudication as to the remaining nonpublic portions of the Road Map should be stayed pending the D.C. Circuit's decision in *McKeever*.  Petitioners planned to file a reply brief showing that the controversy remained alive because the redacted Road Map had not yet been released, *see Ctr. for Food Safety v. Salazar*, 900 F. Supp. 2d 1, 5-6 (D.D.C. 2012) (stating that case is not moot where the court could still grant plaintiffs some form of effective relief, "any effective relief whatever"), and that the Government had failed to show that a stay was appropriate in light of the petition's exigency and merit under prevailing law in the courts of appeals, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (noting that proponent of a stay has the burden of showing inequity in being required to proceed, if staying the case has even a "fair possibility" of injuring someone else).

On October 17, 2018, the Court entered a minute order staying adjudication as to the nonpublic portions of the Road Map until the D.C. Circuit's resolution of *McKeever*.  Later on October 17, Petitioners filed an unopposed motion for a scheduling order requiring NARA to use its best efforts to make public a redacted version of the Road Map by November 2.  Unopposed Mot. for Scheduling Order, ECF No. 10.  The Court granted that motion on October 18, 2018. ECF No. 11.

3

**ARGUMENT**

A district court has broad discretion in determining whether, and to what extent, to stay a proceeding pending the resolution of an appeal that may affect the scope and necessity for the litigation. *See Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 65 (D.D.C. 2010) (citing *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Am.*, 402 F. Supp. 2d 289, 292-93 (D.D.C. 2005); *Landis*, 299 U.S. at 254-55). The proponent of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to some one else." *Landis*, 299 U.S. at 254-55. In exercising its discretion, the court must "weigh competing interests and maintain an even balance." *Id.* at 254-55. Here, the balance of competing interests weighs in favor of prioritizing Petitioners' interests in the nonpublic portions of the Road Map, should their redaction materially undercut the purpose of this Petition, over the Government's interests in seeing the resolution of its appeal in *McKeever*.

**I.    THE GOVERNMENT'S HOPE OF A FAVORABLE APPELLATE DECISION DOES NOT JUSTIFY A STAY PENDING *MCKEEVER*.**

The Government fails to show why its hope for vindication in *McKeever* should outweigh the Petitioners' real and pressing interest in a prompt adjudication of access to the full Road Map. The Government's key argument in favor of a stay pending resolution of *McKeever* is simply that the Court should wait and see what happens. But the mere fact of *McKeever*'s pendency does not justify a stay. *See Landis*, 299 U.S. at 255 (advising caution where a stay would compel one litigant "to stand aside while a litigant in another settles the rule of law that will define the rights of both").

To fortify its position, the Government claims it has "strong arguments" in *McKeever*. Resp. to Pet. 3. The Government then belies that claim by ignoring the well-settled law in all

federal courts of appeals to have squarely considered the issue and in district courts in the D.C. Circuit. These courts have held that district courts have inherent authority to unseal grand jury records in special circumstances where no exception under Federal Rule of Criminal Procedure 6(e)(3)(E) applies. *See Carlson v. United States,* 837 F.3d 753, 763 (7th Cir. 2016); *In re Petition of Bruce Craig for Order Directing Release of Grand Jury Minutes*, 131 F.3d 99, 103 (2d Cir. 1997); *In re Petition to Inspect and Copy Grand Jury Materials - Appeal of Hon. Alcee L. Hastings*, 735 F.2d 1261, 1268 (11th Cir. 1984); *In re Application to Unseal Dockets Related to Independent Counsel's 1998 Investigation of President Clinton*, 308 F. Supp. 3d 314, 323 (D.D.C. 2018); *In re Petition of Stanley Kutler*, 800 F. Supp. 2d 42, 44-45 (D.D.C. 2011).

The Government also brushes aside the significance of *Haldeman v. Sirica*, 501 F.2d 714 (D.C. Cir. 1974) (en banc), which affirmed Chief Judge Sirica's decision to permit disclosure of the Road Map to the House Judiciary Committee in *In re Report & Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to House of Representatives*, 370 F. Supp. 1219 (D.D.C. 1974). The Government asserts that Chief Judge Sirica's opinion was "unclear about the justification for the disclosure." Resp. to Pet. 6. But that opinion grounded its reasoning in precisely the kind of equitable balancing that subsequent courts have embraced as relevant to determining when a district court's exercise of authority to release grand jury material is appropriate. Though Chief Judge Sirica did note that release of the Road Map to the House Judiciary Committee likely fell within Rule 6(e)'s "judicial proceeding" exception, *In re Report & Recommendation of June 5, 1972 Grand Jury*, 370 F. Supp. at 1228-29, he went on to emphasize the practical and equitable considerations that justified transmission to Congress and that "might well [have] justif[ied] even a public disclosure of the [r]eport." *Id.* at 1229-30.

Nor does the Government make any effort to rebut Petitioners' showing of special

circumstances justifying the Court's exercise of its authority to unseal any remaining secrets in the Road Map.  That is because all of the factors weigh decisively in favor of Petitioners.  *See generally* Mem. of P. & A. in Supp. of Pet. 15-28.

Instead, the Government continues to press a set of arguments that they have made, and that have failed, time and again in courts addressing whether they have inherent disclosure authority.  These arguments hinge on cases that do not purport to resolve whether inherent authority to disclose grand jury material under special circumstances exists.  *See* Resp. to Pet. 4-5 (discussing *United States v. Baggot*, 463 U.S. 476 (1983) (addressing Internal Revenue Service's request for disclosure of grand jury material under the Rule 6(e)(3)(C)(i) exception for disclosures "preliminarily to or in connection with a judicial proceeding"); *In re Sealed Case*, 801 F.2d 1379 (D.C. Cir. 1986) (addressing Securities and Exchange Commission's request for disclosure of grand jury material under the "judicial proceeding" exception); *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856 (D.C. Cir. 1981) (affirming application of FOIA exemption predicated on Rule 6(e) where no Rule 6(e) exceptions applied)).  While the Government is free to pursue those arguments in *McKeever*, they should not dictate the timing in this case.

II. **THE PETITION'S TIME SENSITIVITY FAVORS A STAY LIMITED TO PETITIONERS' DETERMINATION OF THEIR REMAINING INTERESTS.**

The Government also fails to show a compelling judicial economy justification for a stay pending *McKeever*.  Waiting for *McKeever* does not save substantial resources where both the parties and the Court have already engaged with the legal issues underlying this case.  The chance of a modest savings of resources, moreover, must be weighed against the timing sensitivities in this case.

Petitioners seek the Road Map because of its value to the public debate surrounding the

outcome of Special Counsel Mueller's investigation—an urgent debate with a finite lifetime. According to news reports, Mueller may be drafting presently a report of his findings. *See* Decl. of Jack L. Goldsmith ¶ 21 & n.1. The report could be issued before a decision in *McKeever*, given data showing that the D.C. Circuit, as of 2015, had a median time of 108 days to reach a decision following oral arguments in civil appeals.[1] Using that median time and the oral argument date of September 21, 2018, a *McKeever* decision can be expected around January 7, 2019. At that point, Petitioners' requested relief may have lost meaningfulness.

The Government does not appear to contest the exigency of the Petition, merely asserting without support that it is "questionable to begin with." Resp. to Pet. 9. Instead the Government rests on the assertion that the Petition's exigency will "dissipate" when the redacted Road Map is released. Resp. to Pet. 9. Because the Government has failed to show any compelling countervailing interest, the stay in this case should hinge on whether or not that assertion pans out.

Petitioners recognize that once they obtain their partial relief—the Road Map with redaction of any information that remains secret—it is possible that their purposes in obtaining the Road Map may be mostly realized. However, it is also possible that the redactions will be material to Petitioners' purpose in seeking access to the Road Map. For example, information related to potential obstruction of justice may provide relevant historical and even legal precedent for the Mueller investigation. *See* Decl. of Jack L. Goldsmith ¶ 29. If redacted, under the current stay, Petitioners and the public would likely lose the opportunity to assess the significance of such precedent in real time. Any countervailing considerations in favor of a stay

---

[1] Kyle Daly, *D.C. Circuit's Pace on Net Neutrality Case is Norm*, BLOOMBERG BNA (May 16, 2016), https://www.bna.com/dc-circuits-pace-n57982072442/.

pending *McKeever* are insufficient to justify that injury.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request entry of the proposed order modifying the terms of the stay in the Court's October 17 order.

Respectfully submitted,

Dated: October 19, 2018

/s/ Laurence M. Schwartztol
LAURENCE M. SCHWARTZTOL
(D.D.C. No. MA0007)
Larry.Schwartztol@protectdemocracy.org
DEANA EL-MALLAWANY (*pro hac vice*)
deana.el-mallawany@protectdemocracy.org
**The Protect Democracy Project, Inc.**
10 Ware Street
Cambridge, MA 02138
Telephone: (202) 599-0466
Fax: (929) 777-8428

STEPHANIE LLANES (*pro hac vice*)
stephanie.llanes@protectdemocracy.org
**The Protect Democracy Project, Inc.**
222 Broadway, 19th Floor
New York NY 10038
Telephone: (202) 599-0466
Fax: (929) 777-8428

CAMERON KISTLER (D.C. Bar No. 1008922)
cameron.kistler@protectdemocracy.org
JUSTIN FLORENCE (D.C. Bar No. 988953)
justin.florence@protectdemocracy.org
**The Protect Democracy Project, Inc.**
2020 Pennsylvania Avenue NW, #163
Washington, D.C. 20006
Telephone: (202) 599-0466
Fax: (929) 777-8428

*Attorneys for Petitioners*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: PETITION OF BENJAMIN WITTES ET AL. ) ) ) ) ) ) | Misc. No. 18-00125 (BAH) |

**[PROPOSED] ORDER**

On consideration of Petitioners' Motion for Modification of October 17 Order, it is hereby

**ORDERED**, that the stay entered pursuant to this Court's October 17, 2018 Order is modified to remain in place until Petitioners have accessed the redacted Road Map and determined whether it materially satisfies their interests in filing the Petition, *or* until the D.C. Circuit resolves the appeal in *McKeever v. Sessions*, No. 17-5149 (D.C. Cir. filed June 26, 2017) —whichever is earlier; and it is further

**ORDERED**, that the parties shall, within seven (7) days of the release of the redacted Road Map or the D.C. Circuit's decision in *McKeever*, file a joint status report proposing a schedule to govern any further proceedings in this matter.

**SO ORDERED.**

Dated: _____                    _____

The Honorable Beryl A. Howell
Chief United States District Judge