## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: PETITION OF<br>BENJAMIN WITTES, ET AL | )<br>)<br>)<br>)<br>)<br>) | Misc. No. 18-00125 (BAH) |

### THE GOVERNMENT'S OPPOSITION TO PETITIONERS' MOTION FOR MODIFICATION OF OCTOBER 17 ORDER

Petitioners move this Court to modify its October 17 Order, in which the Court agreed to stay further consideration of the small portions of the Roadmap that remain secret grand jury information pending the D.C. Circuit's upcoming decision on whether the Court possesses the authority to order it disclosed. But petitioners' motion adds nothing new to its original petition, and on that ground should be denied.

1. Petitioners cite no authority for their current motion. It is apparent, however, that petitioners' request for "modification" constitutes a motion for reconsideration under Fed. R. Civ. P. 59(e), in which petitioners argue that the Court should amend its earlier decision. Motions for reconsideration are highly disfavored, and are "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *SmartGene, Inc. v. Adv. Biological Labs., SA,* 915 F.Supp.2d 69, 72 (D.D.C.2013) (internal quotation marks and citations omitted). Rule 59(e) has a "high standard for relief," *Jung v. Ass'n of Am. Med. Colls.,* 184 Fed.Appx. 9, 13 (D.C.Cir.2006), and motions to reconsider are not granted in the absence of "extraordinary circumstances." *See Niedermeier v. Office. of Baucus,* 153 F.Supp.2d 23, 28 (D.D.C.2001).

Petitioners imply that the Court jumped the gun in issuing its October 17 order. *See* Pet. Mot. at 3 ("Petitioners planned to file a reply brief …."). But they never explain on what basis

they believed they were entitled to a reply.  The petition they filed was not a motion filed pursuant to Local Rule 7, to which they were entitled by right to reply.  Rather, the petition acted as a complaint, opening a miscellaneous matter in connection with "proceedings before the grand jury."  *See* Local Rule 40.7(b).  Nor did the Court's order requiring the government to respond to the petition provide for a reply from petitioners.  *See In Re Petition for Order Directing Release of Transcripts of Testimony Before Watergate Grand Juries*, Misc. No. 11-0044, document #26 (Oct. 11, 2018).

Thus, despite the extreme urgency that petitioners allege, petitioners provide no explanation for why they failed immediately to seek leave to file a reply to the government's response to their petition, and instead waited five days, until the Court ruled, before expressing their desire to be heard.[1]  Nor could petitioners reasonably expect the Court to wait for a reply that petitioners had no automatic right to file.  The Court acted in deference to petitioners' stated claim of exigency by issuing a prompt ruling, and petitioners should not now be heard to complain that the Court acted too quickly, while petitioners waited five days to determine whether to seek leave to file a reply.

2.  Petitioners' current motion adds nothing new that would constitute "extraordinary circumstances" justifying reconsideration.  *Niedermeier, supra*.  Rather, it simply repeats its earlier arguments that the court possesses the requisite authority to grant their petition, and that it should do so in great haste.  It is self-evident, however, that any disclosure order would constitute irreparable harm to the government by vitiating its ability to seek appeal.  *See People*

---

[1] Petitioners' delay is especially bewildering after petitioners' counsel, citing a claimed need for a quick resolution, refused to agree to a reasonable extension of time for the government to file its response.

2

*for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007). Together with the strength of the government's arguments in *McKeever*, the outcome of which indisputably controls this matter, the traditional stay factors weigh heavily in favor of the Court's October 17 decision. *See id.*

    3.    This is the precise course this Court took in granting a stay in the *CNN* matter, *see In Re: Application to Unseal Dockets Related to the Independent Counsel's 1998 Investigation of President Clinton*, Misc. No. 18-0019, Minute Order, May 16, 2018, where petitioners also claimed extreme urgency.[2] There, petitioner sought sealed documents related to assertions of executive privilege and attorney-client privilege during the Independent Counsel's investigation of former President Clinton, asserting that there was strong public interest in examining those disputes in light of the current Special Counsel investigation. The release of the bulk of those materials, however, led this Court to stay disclosure of the disputed documents in light of *McKeever*. In this case, petitioners can make no credible case for urgency. Their lone argument – that the Special Counsel's report could soon issue – is based on nothing but anonymously-sourced news reports. *See* Pet. Mot. at 7 ("According to news reports, Mueller may be drafting presently a report of his findings."). In any event, petitioners fail to make a persuasive case for why the substance of the small amount of still-secret Statements of Information matters, particularly when the format, style and presentation of the Roadmap will be public as of November 2. Petitioners also fail to explain why the issuance of a Special Counsel report would extinguish their ability to engage in public debate as to the Special Counsel's actions. In

---

[2] This Court similarly stayed further proceedings in *Shepard*. *See* Misc. No. 11-44, Minute Order dated Oct. 17, 2018.

short, petitioners' stated need to engage in "public discourse" on the small amount of Watergate-related information that will remain redacted is far too generalized and untethered to any real need to outweigh the "traditional rule of grand jury secrecy" and the important societal values that it represents.  *United States v. Sells Eng'g, Inc*., 463 U.S. 418, 425 (1983).

Because petitioners fail to meet the high standard for reconsideration of this Court's October 17 Order, its motion should be denied.

Dated:  October 22, 2018     Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General


/s/ *Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Phone: (202) 514-5302
Fax: (202) 616-8470
Email: Elizabeth.Shapiro@usdoj.gov